UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MABLE L. JACKSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:06-CV-843 (CEJ) |
| WALGREEN CO., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand the action to the Twenty-Second Judicial Circuit Court (City of St. Louis) from which it was removed. Defendant concedes that the amount in controversy does not exceed $75,000.00. Thus, there is no basis for the Court to exercise subject-matter jurisdiction over this dispute and the action must be remanded.

On August 25, 2005, plaintiff Mable Jackson filed suit in state court against defendant Walgreen Company. In her complaint, plaintiff alleges that she fell after slipping in water on the floor of a Walgreen's store. She alleges that she "sustained injuries to her face, head, right shoulder, right hand, right wrist, back, right hip and knees including abrasions, strains, sprains, bruises and contusions . . . all of which injuries are permanent and progressive." She further alleges that she has incurred medical and hospital bills in the amount of $10,000.00 and anticipates further expenses in an amount yet to be determined. She alleged that her "damages exceed $25,000.00, . . . but do not exceed $75,000.00."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendant removed the action to this Court on May 31, 2006, asserting jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. In so doing, defendant relied on plaintiff's answer to an interrogatory that she sought $100,000.00 in compensation for her injuries. However, following defendant's removal, the parties have jointly stipulated that plaintiff's claim does not exceed $74,000.00.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court's jurisdiction in the instant case is premised on diversity of citizenship, which requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). In this case, the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

face of the complaint does not establish that the jurisdictional amount is satisfied. As the parties stipulate, the injuries plaintiff alleges are not of the nature or severity that are likely to exceed $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#8] is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit Court (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com